# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0474-20
                A-0475-20

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

J.D. and A.A.M. a/k/a A.W.,

      Defendants-Appellants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF K.A.M.,
a minor.

_____

Submitted September 23, 2021 – Decided October 5, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0039-20.

Joseph E. Krakora, Public Defender, attorney for appellant J.D. (Patricia Nichols, Assistant Deputy Public Defender, of counsel and on the briefs).

Joseph E. Krakora, Public Defender, attorney for appellant A.A.M. (Amy M. Williams, Designated Counsel, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Nicholas Dolinsky, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor K.A.M. (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Nancy P. Fratz, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

Defendants J.D.[1] and A.A.M, the biological parents of K.A.M. (Kevin), born in August 2018, appeal from the September 30, 2020 judgment of guardianship terminating their parental rights to the child. Defendants contend that the Division of Child Protection and Permanency (Division) failed to prove

---

[1] We refer to the adult parties by initials and to the child by a fictitious name to protect their privacy. See R. 1:38-3(d)(12).

each prong of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence.[2] The Law Guardian supports the termination on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendants' parental rights. Accordingly, we affirm substantially for the reasons set forth by Judge David B. Katz in his thorough oral decision rendered on September 30, 2020.

We will not recite in detail the history of the Division's interactions with Kevin and defendants. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Katz's decision. We add the following comments.

The Division removed Kevin from defendants' custody about a week after his birth after learning that J.D. entered the hospital under an assumed name in

---

[2] We reject J.D.'s additional contention that the trial judge improperly admitted into evidence some of the Division's records concerning its prior proceedings involving J.D.'s four other children, including one other child she shared with A.A.M. The documents were admissible. See In re Cope, 106 N.J. Super. 336, 343-44 (App. Div. 1969); N.J.R.E. 803(c)(6); R. 5:12-4(d). The judge also stated he did not consider the opinions of non-testifying experts contained in the Division's records. Therefore, J.D.'s assertions on these points lack merit. See R. 2:11-3(e)(1)(E).

A-0474-20

an attempt to hide the child's impending birth from the Division.  The Division placed Kevin with his current resource parent.

After removing Kevin, the Division offered defendants numerous services to help them reunite with their child.  But defendants failed to engage or take any meaningful steps to address the long-standing problems that prevented them from safely parenting Kevin.

Dr. Thai Lynn Alonzo, the Division's expert in psychology, conducted a bonding evaluation between Kevin and the resource parent.[3]  Dr. Alonzo found that Kevin, who had lived with the resource parent his entire life, had "a positive and strong relationship" with her.  Dr. Alonzo opined that Kevin "would likely suffer severe and enduring harm" if his relationship with the resource parent – whom he viewed as his "psychological parent" – was severed.

J.D. briefly testified at trial, but A.A.M. did not.  Neither defendant presented expert witnesses to contradict Dr. Alonzo's opinions.

In his thoughtful opinion, Judge Katz reviewed the evidence presented at the trial and concluded that (1) the Division had proven all four prongs of the best interests test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a); and

---

[3] Defendants declined all psychological evaluations.  Therefore, Dr. Alonzo did not conduct a bonding evaluation between defendants and Kevin.

A-0474-20

(2) termination of defendants' parental rights was in Kevin's best interests. In this appeal, our review of the trial judge's decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by his factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 278-79 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

Applying these principles, we conclude that Judge Katz's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0474-20